ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| ESTHER MARRERO NEGRÓN<br><br>Peticionaria<br><br>v.<br><br>PEDRO SOLDEVILA PUPO<br><br>Recurrido | KLCE202401399 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Civil Núm.: D AL2021-0031<br><br>Sobre: Alimentos |
|---|---|---|

Panel integrado por su presidente, el Juez Figueroa Cabán, la Juez Brignoni Mártir y el Juez Ronda Del Toro

**Ronda Del Toro, Juez Ponente**

# RESOLUCIÓN

En San Juan, Puerto Rico, a 21 de enero de 2025.

Comparece la Sra. Esther Marrero Negrón (señora Marrero Negrón o peticionaria) quien solicita que revoquemos una Resolución emitida por el Tribunal de Primera Instancia, Sala de Familia y Asuntos de Menores Región Judicial de Bayamón, el 25 de noviembre de 2024. Mediante esta el foro primario declaró *Sin Lugar* la solicitud de Reconsideración que presentó el Demandado.

Por los fundamentos que expondremos a continuación, se deniega la expedición del auto de *certiorari*.

## I.

El presente caso trata de un pleito sobre alimentos. Surge del expediente que el 24 de septiembre de 2024 se celebró la vista ante la Examinadora de Pensiones. El alimentante, Pedro Soldevila Pupo, se encontraba confinado y no compareció porque no lo conectaron a la vista. No obstante, su representante legal asistió a la audiencia. Compareció también la señora Esther

Número Identificador
RES2025 _____

Marrero Negrón y su abogado. Atendido el asunto, la Examinadora de Pensiones recomendó una pensión provisional de $768.17 mensuales, ajustada por la reserva de ingresos. Al señor Soldevila Pupo se le imputó un ingreso por concepto de rentas.

Tras ello, el 30 de septiembre de 2024, notificada el 3 de octubre de 2024, el Foro de Instancia emitió una *Orden de Pensión Alimentaria Provisional* contra Soldevila Pupo por $768.17 mensuales en beneficio de sus dos hijas, según lo recomendó la Examinadora de Pensiones.

Ese mismo 3 de octubre de 2024, la señora Marrero Negrón presentó una *Moción Solicitando Determinación Judicial*. Expresó que no se debió considerar la reserva de ingresos que establece el Reglamento de la Administración para el Sustento de Menores (ASUMe), pues Soldevila Pupo se encontraba privado de su libertad y no tenía gastos. Arguyó que la reserva de ingresos se establece para que la persona no custodia pueda cubrir sus necesidades básicas. Entendió que en este caso no aplicaba la referida reserva, pues el Estado era quien cubría las necesidades básicas de alojamiento, alimentación y gastos médicos de Soldevila Pupo.

El 15 de octubre de 2024, por orden del Tribunal de Instancia, Soldevila Pupo respondió con una *Moción en Cumplimiento de Orden*. Adujo que el Artículo 5, inciso 39 de las Guías Mandatorias para Fijar y Modificar Pensiones Alimentarias en Puerto Rico, define la "reserva de ingresos" de la siguiente manera:

> 39. Se refiere a la reserva en términos porcentuales, según establecido en la tabla del cómputo de la reserva de ingresos, Artículo 14 de este Reglamento, con relación a los ingresos con los que debe contar la persona no custodia para que satisfaga sus necesidades. Esta reserva nunca será menor de $615.00, salvo justa causa.

Explicó, que el referido artículo no define, especifica y/o limita lo que son consideradas las "necesidades" de la persona no custodia, a los fines de establecer requisitos de uso específicos. Agregó que, en las instituciones carcelarias, los artículos de aseo y de vestimenta los sufraga el confinado. Aseveró, además, que incurre en un gasto de seguro médico y el teléfono celular, cuyo contrato sigue vigente. Manifestó, que no existe una excepción en las nuevas Guías Mandatorias para los ciudadanos confinados, a la hora de proteger la reserva de ingresos. Por tanto, alegó que cualquier determinación contraria a las Guías sería discriminatoria a la población penal.

En respuesta, el 17 de octubre de 2024 el Tribunal de Instancia ordenó lo siguiente:

> Informe parte Demandada el gasto total mensual que tiene que costear el confinado para sus necesidades básicas y el concepto. Tiene diez (10) días.

En desacuerdo con esta orden, el 6 de noviembre de 2024 el demandado Soldevila Pupo solicitó *Reconsideración*. En síntesis, argumentó que en las nuevas Guías se eliminó la palabra "básicas" cuando se hace referencia a que la reserva se mantiene para cubrir las necesidades de la persona no custodia. Añadió que las Guías tampoco se especifica lo que son consideradas "necesidades" de la persona no custodia. Reiteró que las Guías no hacen distinción entre los padres no custodios que se encuentran confinados versus los que no lo están.

El 8 de noviembre de 2024 la demandante Marrero Negrón presentó una *Oposición a Solicitud de Reconsideración*. Sostuvo que el escrito de reconsideración de Soldevila Pupo no contiene evidencia económica de los gastos del confinado en la institución penal. Esto los lleva a concluir que del importe de rentas que

percibe el demandado, su totalidad ingresa a éste sin gasto alguno.

En respuesta, el 12 de noviembre de 2024, notificada el 14 de noviembre, el Tribunal emitió una Orden mediante la cual le refirió la solicitud de reconsideración del demandado y la oposición a esta a la Examinadora de Pensión Alimentaria para que emita sus recomendaciones.[1]

El 22 de noviembre de 2024 la Examinadora de Pensiones Alimentarias emitió un Acta con el recuento del trámite procesal del caso y los argumentos de las partes. Acto seguido manifestó lo siguiente:

> El citado Reglamento no contiene excepción alguna cuando las necesidades básicas del alimentante son cubiertas por un tercero, en este caso el Estado. Desconocemos los gastos en los que incurre para operar su negocio de rentas (ya no se limita a necesidades básicas). Tampoco lo que éste gasta dentro del penal donde está recluido, si algo. Habida cuenta de lo anterior, entendemos que no procede reducir la reserva de ingresos del Sr. Soldevila Pupo.

Examinada el Acta, el 25 de noviembre de 2024, el Tribunal emitió una Resolución en la que declaró *Sin Lugar* la solicitud de *Reconsideración* presentada por el demandado.

Inconforme con dicha determinación, la señora Marrero Negrón acudió a esta curia con una *Petición de Certiorari* en la que alega lo siguiente:

> Erró el Tribunal de Primera Instancia, Sala de San Juan, por voz de la Honorable Jueza Marisol Díaz Guerrero al declarar sin lugar un planteamiento mediante el cual se solicitaba que, para la fijación de una pensión alimentaria, en este caso de naturaleza provisional, no se tomara en consideración la reserva establecida en las Guías Mandatorias para Fijar y Modificar Pensiones, Reglamento 9535 del 15 de febrero de 2024. Al señor Soldevila estar privado de su libertad, bajo la custodia del Departamento de Corrección del Gobierno de Puerto Rico y no haber presentado prueba de sus gastos en la institución penal, no se puede tomar en consideración la reserva

---

[1] Apéndice pág. 26.

para el cómputo de la pensión alimentaria, al Estado proveer toda la manutención del reo por sentencia final y firme.

La parte recurrida no presentó su alegato en oposición a la expedición del auto de *certiorari* en el término establecido en la Regla 37 (A) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B. Por esa razón, el recurso está perfeccionado y listo para adjudicación.

## II.

## A.

El recurso de *certiorari* constituye un vehículo procesal de carácter discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones del tribunal recurrido. Rivera et al. v. Arcos Dorado et al., 212 DPR 194, 207 (2023); Torres González v. Zaragoza Meléndez, 211 DPR 821, 403 (2023); McNeil Healthcare v. Mun. Las Piedras I, 206 DPR 391, 403 (2021); 800 Ponce de León v. AIG, 205 DPR 163, 174 (2020); IG Builders et al. v. BBVAPR, 185 DPR 307, 337-338 (2012).

Contrario al recurso de apelación, la expedición o no del auto de *certiorari* solicitado descansa en la sana discreción del foro apelativo. Torres González v. Zaragoza Meléndez, *supra*; Medina Nazario v. McNeill Healthcare LLC, 194 DPR 723, 729 (2016).

Al tratarse este caso de un tema sobre relaciones de familia, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, nos permite revisar órdenes o resoluciones interlocutorias dictadas por la Sala de Instancia. En este quehacer, es preciso acudir a lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, la cual señala los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *Certiorari*.

Torres Martínez v. Torres Ghigliotty, 175 DPR 83, 97 (2008). La referida regla nos permite intervenir por lo siguiente:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Es norma reiterada que los jueces de instancia tienen gran flexibilidad y discreción para lidiar con el manejo diario y tramitación de los asuntos judiciales. BPPR v. SLG Gómez-López, 213 DPR ___ (2023); 2023 TSPR 145; In re Collazo I, 159 DPR 141, 150 (2003). Como es sabido, en nuestro ordenamiento jurídico impera la norma de que un tribunal apelativo sólo intervendrá con las determinaciones interlocutorias discrecionales procesales del tribunal sentenciador cuando este último haya incurrido en arbitrariedad o en un craso abuso de discreción. García v. Asociación, 165 DPR 311, 321 (2005). El adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad. SLG Zapata-Rivera v. J.F. Montalvo, 189 DPR 414 (2013); Rivera Durán v. Banco Popular, 152 DPR 140, 155 (2000).

Ahora bien, la discreción cede en las circunstancias en las que se configura un craso abuso de esta o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que la intervención en esa etapa evitaría un perjuicio sustancial a la parte afectada por su determinación. BPPR v. SLG Gómez-López, *supra*; Rivera et al. v. Arcos Dorados et al., *supra*.

**B.**

Nuestra jurisdicción reconoce que los menores tienen un derecho fundamental a recibir alimentos que emana de la cláusula constitucional del derecho a la vida consagrado en la Carta de Derechos de la Constitución de Puerto Rico. Díaz Rodríguez v. García Neris, 208 DPR 706, 717 (2022); De León Ramos v. Navarro Acevedo, 195 DPR 157 (2016). Reiteradamente, se ha expresado que la obligación de todo progenitor de proveer alimentos a sus hijos e hijas está revestida del más alto interés público. James Soto v. Montes James, 2024 TSPR 27, 213 DPR ___, res. 20 de marzo de 2024; Díaz Rodríguez v. García Neris, *supra*, pág. 718. Ahora bien, la fijación de la cuantía de alimentos es personal de cada excónyuge, debe ser satisfecha de su propio peculio y de forma proporcional a los recursos económicos del que los da y a las necesidades del menor. Díaz Rodríguez v. García Neris*, supra*.

Cónsono a lo anterior, y atinente a la presente causa, el Artículo 14 de las Guías Mandatorias para Computar las Pensiones Alimentarias en Puerto Rico (Guías Mandatorias), Reglamento Núm. 9535 de 15 de febrero de 2024, indica que el cálculo de la pensión básica se establecerá conforme con los siguientes dos pasos: 1) **cálculo de la reserva de ingresos**; y 2) cómputo de

la pensión alimentaria.  En lo aquí pertinente, el Artículo 5 (39) alude que la Reserva de Ingresos a la Persona No Custodia,

> Se refiere a la reserva en términos porcentuales, según establecido en la tabla del cómputo de la reserva de ingresos, Articulo 14 de este Reglamento, con relación a los ingresos con los que debe contar la persona no custodia para que satisfaga sus necesidades. Esta reserva nunca será menor de $615.00, salvo justa causa.

El Artículo 21 de las Guías Mandatorias, (Reserva de ingresos para la persona no custodia) informa, en síntesis, que la reserva de ingresos será reducida, a discreción del juzgador, en ciertos casos excepcionales en los que un alimentista tenga unas necesidades particulares.  Para ello, el foro debe tomar en consideración ciertos factores que particulariza el Artículo 21.

### III.

La peticionaria Marrero Negrón no está de acuerdo en que se le aplique la reserva de ingresos al recurrido.  En particular, alegó que la reserva de ingresos que proveen las Guías no considera situaciones cuando el alimentante, como en este caso, está recluido en prisión.  Indicó que el señor Soldevila Pupo no incurre en gastos en su confinamiento, por lo que, no requiere de una reserva de ingresos para satisfacer sus necesidades básicas.  Agregó que la Ley de ASUMe y las nuevas Guías tienen una laguna cuando el padre no custodio no requiere de la reserva para satisfacer sus necesidades básicas porque el Estado es quien se encarga de estas.  Por otro lado, reconoció que el Departamento de Corrección provee para que a las personas que están confinadas sus familiares le depositen cierta cantidad de dinero en la comisaría para que el reo pueda adquirir bienes de primera necesidad o alimentos.  Indicó que el recurrido no pudo justificar los gastos en los que incurre y que su ingreso proviene de rentas.

Luego de revisar atentamente los argumentos esbozados en el recurso, el expediente y el derecho aplicable, determinamos no intervenir con el dictamen aquí impugnado. Mediante este, el TPI, luego de revisar el Acta que le remitió la Examinadora de Pensiones, declaró *Sin Lugar* la solicitud de reconsideración del demandado. En la referida Acta, la Examinadora de Pensiones, le expresó al Foro Primario lo siguiente:

> El citado Reglamento no contiene excepción alguna cuando las necesidades básicas del alimentante son cubiertas por un tercero, en este caso el Estado. Desconocemos los gastos en los que incurre para operar su negocio de rentas (ya no se limita a necesidades básicas). Tampoco lo que éste gasta dentro del penal donde está recluido, si algo. Habida cuenta de lo anterior, entendemos que no procede reducir la reserva de ingresos del Sr. Soldevila Pupo.[2]

En su escrito, la peticionaria no nos demostró que el foro de instancia incurriese en prejuicio, parcialidad, abuso de discreción o error al emitir su determinación, luego de revisar el Acta que le rindió la Examinadora de Pensiones. Tampoco detectamos que estén presentes alguno de los requisitos de la Regla 40, *supra,* que amerite nuestra intervención con la resolución recurrida, más aún cuando la pensión se fijó fue de manera provisional.

**IV.**

Por los fundamentos expuestos, denegamos la expedición del recurso de *Certiorari*.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[2] Apéndice, pág. 30.